*Torres v. Off. of Adult Prob.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>AMENDED SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of December, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

ANTHONY TORRES,

> *Plaintiff-Appellant,*

> v.                                                                 23-8084

OFFICE OF ADULT PROBATION, Court Support Services (CSSD) Connecticut Superior Court, State of Connecticut, NICOLE GRELLA, COURTNEY RING, CAITLIN HIRSCH, MICHAEL

SULLIVAN, CONNECTION INC., OFFICE OF THE CHIEF CLERK ADMINISTRATOR, State of Connecticut, SARAH RICHARDSON, MARY E. ROPER, BRIANNA WISNIEWSKI, PHILLIP SCHUFF,

*Defendants-Appellees,*

JOHN DOES, 1-25, OFFICE OF THE CHIEF COURT ADMINISTRATOR, Supreme Court Building, State of Connecticut,

*Defendants.*

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | CHARLES D. COLE, JR., Newman, Myers,Kreines, Harris, P.C., New York, NY. |
| **For Defendants-Appellees:** | ZENOBIA GRAHAM-DAYS, Assistant Attorney General, *for* William Tong, Attorney General of Connecticut, Hartford, CT. |

Appeal from an order of the United States District Court for the District of Connecticut (Sarala V. Nagala, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 27, 2023 order of the district court is **AFFIRMED**.

Anthony Torres, a convicted sex offender in the State of Connecticut, appeals from the district court's dismissal of his claims for injunctive and declaratory relief, and its stay of his claims for monetary relief, against an assortment of state offices and others ("Defendants") pursuant to 42 U.S.C. § 1983. In essence, Torres alleges that Defendants violated the Eighth and Fourteenth Amendments and intentionally inflicted emotional distress on him by modifying the conditions of his probation without due process and by subjecting him to certain conditions of probation and restrictions on his liberty, including holding him in a treatment facility (the "January Center") after he completed his prison sentence. Because Torres was simultaneously facing a state charge for violating the terms of his probation ("VOP"), the district court invoked *Younger v. Harris*, 401 U.S. 37 (1971), and abstained from exercising jurisdiction. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"We review *de novo* the essentially legal determination of whether the requirements for [*Younger*] abstention have been met." *Disability Rts. N.Y. v. New York*, 916 F.3d 129, 133 (2d Cir. 2019) (internal quotation marks omitted). *Younger* "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."

3

*Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing

*Younger*, 401 U.S. at 43–44). This rule "prevent[s] erosion of the role of the jury,"

"avoid[s] a duplication of legal proceedings and legal sanctions," and reflects a

"proper respect for state functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77

(2013) (quoting *Younger*, 401 U.S. at 44). To serve these goals, we have adopted a

"strong policy in favor of abstention." *Diamond "D*," 282 F.3d at 198.

To decide if "*Younger* abstention is required," we generally look to "three

conditions": whether "(1) there is an ongoing state proceeding; (2) an important

state interest is implicated in that proceeding; and (3) the state proceeding affords

the federal plaintiff an adequate opportunity for judicial review of the federal

constitutional claims." *Id.* Federal suits that run parallel to state criminal

proceedings – like this one – present "classic case[s] for abstention." *Davis v.*

*Lansing*, 851 F.2d 72, 76 (2d Cir. 1988).

Torres primarily argues that this case does not meet the ongoing-state-

proceeding condition because his VOP hearing has concluded.[1] But a "proceeding

---

[1] "[T]he principles of *Younger v. Harris* . . . apply in full force" when "state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *see also Tokyo Gwinnett, LLC v. Gwinnett County*, 940 F.3d 1254, 1268 (11th Cir. 2019) ("[E]ven if a state proceeding began after the filing of a federal suit, the state proceeding is still ongoing if the state [proceeding] commenced before any proceedings of substance on the merits have taken place in the federal court." (internal quotation marks omitted)). We need not

is pending [for *Younger* purposes] if further state appellate remedies are available."
*Gristina v. Merchan*, 131 F.4th 82, 87 (2d Cir. 2025). And Torres concedes that his state-court appeal was still live while his federal suit was pending. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings[.]").[2]

Torres attempts to skirt this obstacle by pointing out that (1) he did not challenge the lawfulness of the probationary conditions at his initial hearing, (2) Connecticut law conceivably bars him from raising such arguments on appeal, and (3) he intended to focus his state-court appellate arguments on factual issues. But Torres cites no authority allowing federal courts to declare that active state-court cases are no longer pending based on their educated guesses about the arguments that may be advanced in a future state-court appeal. To the contrary, "under *Younger*, any uncertainties as to the scope of state proceedings or the availability of state remedies are generally resolved in favor of abstention." *Spargo*

---

reach this issue, as Torres has not argued that the district court erred in abstaining because he filed his federal complaint before the state criminal proceedings began.

[2] Though that appeal has since concluded, "the *Younger* abstention issue . . . is not continuously re-evaluated throughout the pendency of a [federal] proceeding." *Gristina*, 131 F.4th at 87.

5

*v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 77-78 (2d Cir. 2003). Thus, "it is the plaintiff's burden to demonstrate that state remedies are inadequate," and pointing out mere "potential ambiguities in state [law]" does not suffice. *Id.* at 78. Torres has not met his burden here. Furthermore, litigation about the state court's factual findings suffices, on its own, to trigger *Younger*: "if the claims raised in federal court would necessarily implicate factual issues pending in the underlying state . . . proceeding, pursuant to *Younger* and its progeny, the federal suit [should] be stayed[.]" *Washington v. County of Rockland*, 373 F.3d 310, 319 (2d Cir. 2004).

Torres also contends that he could not have "raise[d] his federal claims in the state-court criminal case" because there is "no room in the state criminal proceeding" to litigate constitutional issues. Torres Br. at 20. But defendants facing Connecticut VOP proceedings may indeed mount constitutional defenses. In *State v. Imperiale*, for instance, the defendant argued that "the condition of probation on which the [VOP] charge was predicated, namely, that he participate in [the January Center program], violated" his Eighth and Fourteenth Amendment rights. 337 Conn. 694, 695–96 (2021). This case involves almost identical facts: Torres brings Eighth and Fourteenth Amendment claims related to his allegedly forced participation in the January Center program. Like the defendant in

6

*Imperiale*, he could have mounted these constitutional claims in his state-court VOP proceeding; instead, he chose to bring them in federal court.

Torres further argues that his state-court case did not "provide[] an adequate opportunity for [him] to raise his federal challenge" because the state proceeding was focused narrowly on whether he had violated specific terms of his probation. Torres Br. at 17–21. But again – regardless of Torres's *choice* not to "ma[ke] such a challenge at his [VOP] hearing," *id.* at 17 – a state proceeding is adequate if it provides an "opportunity" to raise federal issues, *Spargo*, 351 F.3d at 77 (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). "The relevant question under *Younger* is whether the state's . . . remedies *could* provide the relief sought," not "whether the state *will* provide the constitutional ruling which the plaintiff seeks." *Id.* at 79 (internal quotation marks omitted). Here, Torres could have raised his federal claims in the state-court case. His federal complaint generally asserted that his probationary "conditions . . . were inconsistent with his federal rights," Torres Br. at 9, and he sought a broad "[d]eclaration that each and every condition and mandate of probation . . . [was] unenforceable," App'x at 38. Meanwhile, the state charged Torres with violating many of the same conditions – including the requirement that he "abide by the

7

rules of the January Center and successfully discharge from the program." *Id.* at 224 (internal quotation marks omitted); *see also id.* at 165 (Torres's testimony that he objected to "99 percent of the conditions"); *Imperiale*, 337 Conn. at 695–96 (challenging similar condition on constitutional grounds).

The state VOP case thus parallelled Torres's federal case: both focused on Torres's conditions of probation, implicated similar factual issues, and gave Torres the opportunity to make his constitutional arguments. *Compare* App'x at 113, 144–45, 147, 207–08, (state-court testimony regarding barbed wire fences at January Center, Torres's "shock[]" at learning of January Center conditions, which he asserted were unconstitutional, and handcuffs placed on Torres when he was transferred to January Center), *with id.* at 20–22, 26 (federal complaint's references to the same). Torres himself appears to recognize these problems: he concedes that "possible interference with the state-court proceeding might have come from an earlier federal-court finding on [his] conditions of probation," before falling back on his contention that the Connecticut proceedings are no longer pending. Torres Br. at 20; *see also id.* at 16. That concession dooms Torres's argument because, as explained above, his state-court case was still live when the federal court reached the substance of his complaint.

8

We acknowledge that Torres's state case has concluded and is therefore no longer pending.  Accordingly, the district court is free to lift the stay of Torres's claims for monetary relief and allow him to pursue his suit.  *See, e.g.*, *Pathways, Inc. v. Dunne*, 329 F.3d 108, 114–15 (2d Cir. 2003).  If Torres contends that he has equitable claims that are not moot, he may seek leave in the district court to assert (or re-assert) any such claims.

\*     \*     \*

We have considered Torres's remaining arguments and conclude that they are without merit.  Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court.